# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LEO T. GALLION,<br><br>                    Plaintiff,<br><br>v.<br><br>NICHOLAS J. ROMEO, MARK S. DILLMAN, and MILWAUKEE COUNTY,<br><br>                    Defendants. | Case No. 20-CV-120-JPS<br><br>**ORDER** |

Plaintiff Leo T. Gallion, who is incarcerated at Fox Lake Correctional Institution, proceeds in this matter *pro se*. He filed a complaint alleging that Defendants violated his constitutional rights. (Docket #1). The Court granted Plaintiff's petition to proceed without prepayment of the filing fee (*in forma pauperis*) and screened the complaint. (Docket #7). The Court ordered Plaintiff to file an amended complaint and granted several extensions of time for Plaintiff to do so. (Docket #7, #9, #11). This order screens the amended complaint that Plaintiff filed on June 16, 2020. (Docket #13).

1.     **FEDERAL SCREENING STANDARD**

Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## 2. PLAINTIFF'S ALLEGATIONS

On April 9, 2019 around 12:45 a.m., Plaintiff was driving through an alley in Milwaukee. (Docket #13 at 3). Plaintiff was pulled over by

Milwaukee police officers, Defendant Nicholas J. Romeo ("Romeo") and Defendant Mark S. Dillman ("Dillman"), for driving an unregistered vehicle. (*Id.*) Plaintiff alleges that the vehicle was properly registered. (*Id.*) According to Plaintiff, Romeo and Dillman claimed that Plaintiff was resisting them when they tried to get Plaintiff out of the vehicle. (*Id.* at 4). Plaintiff's resistance required them to use force to control the situation. (*Id.* at 3). Dillman stated that he had to cut Plaintiff out of the seatbelt to place him in handcuffs. (*Id.* at 4). Additionally, Romeo stated he delivered two strong knee strikes aimed for Plaintiff's ribs and shoulders. (*Id.* at 3). However, Plaintiff had scars on his face and a knot on the back of his head. (*Id.* at 4). The police station took photographs of Plaintiff's injuries. (*Id.*) Plaintiff was taken to the hospital for X-rays of his head. (*Id.*)

3. **ANALYSIS**

Plaintiff's allegations invoke his rights under the Fourth Amendment because Plaintiff was being arrested at the time of the alleged incident. *See Graham v. Connor*, 490 U.S. 386, 388, 395 (1989) ("all claims that law enforcement officers have used excessive force–deadly or not–in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment"). An excessive force claim under the Fourth Amendment uses an "objective reasonableness" standard. *Id.* Factors relevant to the reasonableness of the officers' actions include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396. Additionally, "[t]he inquiry requires an examination of the 'totality of the circumstances to determine whether the intrusion on the citizen's Fourth Amendment interests was justified by the countervailing government

interests at stake.'" *Cyrus v. Town of Mukwonago*, 624 F.3d 856, 861 (7th Cir. 2010) (quoting *Jacobs v. City of Chicago*, 215 F.3d 758, 773 (7th Cir. 2000)). At this stage of the litigation, Plaintiff's allegations support a claim against Romeo and Dillman for use of excessive force in violation of the Fourth Amendment.

Additionally, Plaintiff named Milwaukee County as a defendant in his amended complaint, alleging that Milwaukee County is responsible for the conduct of Romeo and Dillman. However, Milwaukee County does not employ Romeo and Dillman, who are police officers for the City of Milwaukee. Thus, Milwaukee County has no relationship to the incident at issue and must be dismissed from this action.

### 4. CONCLUSION

In sum, the Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** The use of excessive force against Plaintiff, in violation of the Fourth Amendment, by Romeo and Dillman on April 9, 2019.

Accordingly,

**IT IS ORDERED** that Defendant Milwaukee County be and the same is hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the amended complaint and this order upon Defendants Nicholas J. Romeo and Mark S. Dillman pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the Court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The current fee for waiver-of-

service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals Service will give Plaintiff information on how to remit payment. The Court is not involved in collection of the fee;

**IT IS FURTHER ORDERED** that Defendants Nicholas J. Romeo and Mark S. Dillman shall file a responsive pleading to the amended complaint; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this order.

Dated at Milwaukee, Wisconsin, this 20th day of November, 2020.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge